UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| **DENTON LONE OAK HOLDINGS, L.P.** § | |
| § | Case No. 10-40836 |
| Debtor. § | |

**MOTION FOR ENTRY OF INTERIM ORDER OF DEBTOR IN POSSESSION AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363**

**TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Denton Lone Oak Holdings, L.P. ("Debtor" and "Debtor in Possession"), files this, its Motion For Entry of Interim Order Authorizing Use Of Cash Collateral Pursuant to 11 U.S.C. § 363,(the "Motion"), and would show as follows:

## I. Factual Background

1.      On March 15, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief (the "Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). The Debtor continues to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtor owns and operates a hotel in Denton, Texas and employs many employees in its operations.

3.      The Debtor's business has been adversely impacted by the general economic downturn in the United States, which has caused the revenues of the hotel to be insufficient to cover all of the expenses of the Debtor.

4. On July 30, 2007, the Debtor executed a (a) promissory note in the principal amount of $12,850,000 (the "Original Note") in favor of Morgan Stanley Mortgage Capital Holdings, LLC ("Lender"), (b) Deed of Trust and Security Agreement ("Deed of Trust") and (c) Assignment of Leases and Rents ("ALR"). The Deed of Trust and ALR are collectively referred to as Security Instruments.

5. On June 2, 2008, the Original Note was amended and restated by (a) the amended and restated promissory note dated June 2, 2008 (effective May 8, 2008) in the principal amount of $12,036,938.10 ("Amended Note") in favor of Lender and (b) a Loan Reinstatement and Modification Agreement.

6. On July 10, 2009, the Debtor further modified the Amended Note by entering into the (a) Second Loan Reinstatement and Modification Agreement, (b) Cash Management Agreement and (c) Restricted Account Agreement (collectively, the "Second Modification").

7. Lender is the current holder of the Note. The present principal balance of the Amended Note is approximately $11,536,938.10.

8. The Amended Note is secured by the Security Instruments and Second Modification, which purported to grant Lender, at a minimum, a lien in certain of the Debtor's assets, specifically the Denton Holiday Inn & Suites located at 1434 Centre Place Drive, Denton, Texas 76205 ("Real Property"), and any additional land, improvements, easements, fixtures and personal property, leases and rents, insurance proceeds, condemnation awards, and tax refunds (the "Collateral") including, without limitation, its cash from the operation of the hotel (the "Cash Collateral").

9. The Debtor generates revenue to operate and pay its bills from operating the hotel. Lender is the only entity that has an interest in the Cash Collateral (Lender is represented by Ellen M. Goodwin, Esq., Alston & Bird, L.L.P., 90 Park Ave., New York, New York 10016).

10. Debtor needs to be able to use the Cash Collateral in order to operate and manage the business after the Petition Date and until the time of confirmation. Attached as Exhibit "A" is an approximate monthly budget for the Debtor's business for the 90-days following the Petition Date.

## II. Request for Relief

11. Debtor's cash is replenished from the daily operation of the hotel and the Lender should be given a post-petition lien in cash generated from the post-petition sale of lots.

12. Debtor requests the entry of an interim order whereby the Debtor is allowed to use the Cash Collateral to manage and operate the business as shown on Exhibit "A" from the Petition Date for a period of ninety days.

## III. Brief in Support

13. Debtor needs to use the Cash Collateral to pay payroll, wages, utilities and other expenses necessary for its operation. If Debtor does not have the use of the Cash Collateral, the Debtor will not be able to continue to operate its business. Debtor asserts that the Lender is adequately protected because the Debtor is giving the Lender a post-petition lien in the cash generated from the daily operation of the hotel and the Collateral is not declining in value.

**WHEREFORE, PREMISES CONSIDERED**, the Debtor requests that the Court enter an order granting the relief sought herein and for such other relief as may be appropriate.

Respectfully submitted,

H<small>IERSCHE</small>, H<small>AYWARD</small>, D<small>RAKELEY</small> & U<small>RBACH</small>, P.C.

By: ___/s/ Russell W. Mills_____
    Russell W. Mills, SBN 00784609
    Jason M. Katz, SBN 24038990

15303 Dallas Parkway, Suite 700
Addison, Texas 75001
Ph: 972/701-7000
Fax: 972/701-8765

**PROPOSED ATTORNEYS FOR DENTON LONE OAK HOLDINGS, LP.**

## CERTIFICATE OF SERVICE

This is to certify that on March 16, 2010, a true and correct copy of the foregoing document was served *via* ECF and/or by first class United States mail to the parties on the attached service list:

    ___/s/ Russell W. Mills_____
    Russell W. Mills