IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DENTON LONE OAK HOLDINGS, L.P. | § | CASE NO. 10-40836-BTR |
| | § | (Chapter 11) |
| Debtor. | § | |

**MOTION FOR AUTHORITY TO TAKE ORAL DEPOSITION
DUCES TECUM PURSUANT TO BANKRUPTCY RULE 2004
(LONE OAK HOSPITALITY LTD.)**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS MOTION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TASK FORCE LOGISTICS, INC. ("**TFL**"), a party-in-interest in the above styled and referenced bankruptcy case, files this *Motion for Authority to Take Oral Deposition Duces Tecum Pursuant to Bankruptcy Rule 2004 (Lone Oak Hospitality Ltd.)*, as follows:

1. TFL requests that the Court enter an order directing Lone Oak Hospitality, Ltd., a Texas limited partnership ("**LOHL**"), by and through the manager of its general partner, Lone Oak Hospitality Texas, LLC, Gaylord Hall, or another designated managing agent and custodian of record, to appear for examination by oral deposition *duces tecum*, to be taken pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 2004.

2. TFL seeks to take this deposition for the purpose of discovering matters relating to

matters that may affect the administration of the bankruptcy estate of Debtor DENTON LONE OAK HOLDINGS, L.P. ("**Debtor**"). More specifically, TFL believes and has reason to believe that it may be a creditor of Debtor and/or may have a lien against certain of Debtors' real property. However, before filing an adversary action in this case, TFL desires to conduct limited discovery to determine facts relating to this matter.

3. TFL requests that LOHL be required to produce to TFL, at such time and place set forth in that certain *Notice of Intention to Take Oral Deposition of Lone Oak Hospitality Ltd. Pursuant to Bankruptcy Rule 2004, Duces Tecum* (the "**Notice**"), a true and correct copy of which is attached hereto as **Exhibit "1"** and incorporated herein by reference as if fully set forth, which documents are in its custody, control and/or possession, for inspection and copying by counsel for TFL. The initial deposition will be for the purpose of production of documents requested in the Notice; however, TFL reserves the right to further depose LOHL with respect to matters pertaining and related to the documents produced.

WHEREFORE, TFL requests an order directing the LOHL to appear for examination pursuant to Bankruptcy Rule 2004, for the purpose of producing documents and oral examination, at a date and time to be specified in the Notice or agreed to between the parties, and for such other relief to which it is entitled under the circumstances.

Dated: May 21, 2010.

>Respectfully submitted,
>
>CANTEY HANGER LLP
>
>By:   /s/Bruce W. Akerly
>         Bruce W. Akerly
>         Texas Bar No. 00953200
>
>1999 Bryan Street, Suite 3330
>Dallas, Texas 75201
>Telephone: 214/978-4129
>Facsimile: 214/978-4150
>Email: bakerly@canteyhanger.com
>
>ATTORNEYS FOR TASK FORCE
>LOGISTICS, LTD

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on May 20, 1010, he spoke with counsel for Debtor and the Debtor has no objection to the instant motion. As of the filing of this motion, counsel for TFL has not had an opportunity to confer with LOHL concerning the subject matter of the motion.

>/s/ Bruce W. Akerly
>_____
>Bruce W. Akerly

# EXHIBIT "1"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DENTON LOAN OAK HOLDINGS, L.P. | § | CASE NO. 10-40836-BTR |
| | § | (Chapter 11) |
| Debtor. | § | |

**NOTICE OF INTENTION TO TAKE ORAL
DEPOSITION OF LONE OAK HOSPITALITY LTD.
PURSUANT TO BANKRUPTCY RULE 2004, DUCES TECUM**

TO: Lone Oak Hospitality Ltd., c/o Gaylord Hall, 1434 Centre Place Drive, Denton, Texas 76205-1212.

PLEASE TAKE NOTICE that pursuant to Bankruptcy Rule 2004 of the Federal Rules of Bankruptcy Procedure, TASK FORCE LOGISTICS, INC. ("**TFL**") will take the oral deposition, under oath, of LONE OAK HOSPITALITY LTD. ("**LOHL**"), by and through the manager of its general partner, Lone Oak Hospitality Texas, LLC, Gaylord Hall (Manager), or another designated managing agent or representative with personal knowledge of its business and financial affairs, for the purpose of discovering matters relating to the administration of the bankruptcy estate of Debtor DENTON LONE OAK HOLDINGS, L.P. ("**Debtor**").

The deposition will take place on June 23, 2010, beginning at 10:00 a.m., at the offices of Cantey Hanger LLP, 1999 Bryan Street, Suite 3330, Dallas, Texas 75201, or at such place and/or time agreed upon by counsel for the parties involved.

Documents responsive to this notice of deposition, if any, will be produced at or before

the time of the deposition at the offices of Bruce W. Akerly, Esq., at CANTEY HANGER LLP, 1999 Bryan Street, Suite 3330, Dallas, Texas 75201, or such other place as may be agreed upon between the parties and/or counsel.  <u>Any questions concerning the scope or nature of this notice should be directed to Bruce W. Akerly, Esq., at CANTEY HANGER LLP, 1999 Bryan Street, Suite 3330, Dallas, Texas 75201, (214) 978-4129</u>.

Dated: May ___, 2010.

                         Respectfully submitted,

                         CANTEY HANGER LLP

                         By:    /s/Bruce W. Akerly
                                  Bruce W. Akerly
                                  Texas Bar No. 00953200

                         1999 Bryan Street, Suite 3330
                         Dallas, Texas 75201
                         Telephone: 214/978-4129
                         Facsimile: 214/978-4150
                         Email: bakerly@canteyhanger.com

                         ATTORNEYS FOR TASK FORCE
                         LOGISTICS, LTD

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served by electronic submission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Eastern District of Texas Sherman Division and/or by first class mail, postage prepaid to those parties-in-interest listed on the attached service list and the following party on this the ____day of June, 2010:

Lone Oak Hospitality Ltd.
c/o Gaylord Hall, Registered Agent/Manager-Lone Oak Hospitality Texas, LLC
P.O. Box 742407
Dallas, Texas 75374-2407

Lone Oak Hospitality Ltd.   **Via Federal Express**
c/o Gaylord Hall, Registered Agent/Manager- Lone Oak Hospitality Texas, LLC
1434 Centre Place Drive
Denton, Texas 76205-1212

           /s/ Bruce W. Akerly
           Bruce W. Akerly

# EXHIBIT "A"

You are requested to produce all documents that are described in Part II below. In connection with such production, the Definitions set forth below in Part I and the Instructions set forth below in Part II shall be utilized.

## Part I

## Definitions

1. "**Holiday Inn**" means Holiday Inn at Denton Station, Block A, Lot 1, Denton County, Centre Place Drive, Denton, Texas, a/k/a Holiday Inn Hotel & Suites Denton.

2. "**TFL**" means Task Force Logistics Inc., TFL Inc. and/or Task Force International Inc., its employees, agents, representatives, shareholders, officers, directors, or anyone purporting to act its behalf.

3. "**Lone Oak**" means Lone Oak Hospitality, Ltd., Lone Oak Hospitality L.P., Lone Oak Holdings, Ltd., Lone Oak Holdings L.P., and/or Denton Lone Oak Hospitality, Denton Lone Oak Holdings, and their employees, agents, representatives, general partners, limited partners, officers, directors, shareholders, principals, parent companies, subsidiaries, or anyone purporting to act on their behalf.

4. "**Person**" means any individual, firm, partnership, joint venture, corporation, d/b/a ("doing business as"), association, company, trust or legal, government or business entity.

5. "**Writings**" and "**recordings**" consist of letters, words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical or electronic recording, or any other form of data production, reproductions or compilations.

6. An "**original**" of a writing or recording is the writing or recording himself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative and/or any print made therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original."

7. A "**duplicate**" is a counterpart or replica produced by the same impression as the original or from the same matrix, or by means of photography, including enlargements and miniatures, xerography or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

8. You should produce documents in your possession, custody and/or control. **Possession, custody or control**" includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority or representative).

9. As used herein, the term "**Document**," whether singular or plural, is defined broadly to include, but is not limited to, all originals and all drafts and non-identical copies (whether different from the original by reason of notations made on such copy or otherwise) of all tangible things, recordings, and written, typed, printed, recorded or graphic matter of any kind and of any nature or description whatsoever, whether handwritten or made or recorded by computer, mechanically, electrically, electronically, chemically, telephonically, photographically or by any other means or method, wherever located, and in whatever form or condition, including, but not limited to, all documents, letters, correspondence, communications, telegrams, telexes, memoranda, notes, marginal notations, records, files, summaries or other records of personal or telephonic conversations, summaries or other records of meetings or conferences, summaries or other records of negotiations or discussions of any kind, diaries, diary entries, calendars, appointment books, time records, visitor records, work records, telephone bills and records, expense records, travel and entertainment records, inspections, estimates, reports, offers, counteroffers, proposals, counter proposals, drafts, revisions, rejections, acceptances, repudiations, agreements, contracts, understandings, articles of incorporation and all amendments thereto, bylaws and all amendments thereto, notices, waivers, consents, proxies, minutes, motions, votes, resolutions, orders, directives, policy statements, organization charts, partnership agreements and all amendments thereto, partnership certificates and all amendments thereto, stock or share purchase orders, invoices, financial records, financial statements, balance sheets, income statements, financial summaries, journals, journal entries, ledgers, ledger entries, work sheets, work papers, accounting records, bank records, bank statements, checks, cancelled checks, check stubs, checkbooks, deposit receipts, employee records, payroll records, drafts, promissory notes, letters of credit, bills of lading, bills of sale, cash receipts, revolving credit agreements, deeds, deeds of trust, security agreements, mortgages, liens, guaranty agreements, U.C.C. filings, insurance agreements or policies, annuities, reports, opinions, evaluations, appraisals, feasibility studies, analyses, recommendations, bills, invoices, fee statements, books, articles, magazines, circulars, trade letters, press clippings, surveys, statistical data, graphs, maps, charts, pamphlets, speeches, transcripts, transcripts of hearings, transcripts of testimony, microfilm, microfiche, software, source code, object code, computer programs, computer libraries and files, diskettes, computer drives, loan papers, guaranties, assignments, security instruments,

amendments, instruments, valuations, trust documents, tax returns, police reports, loan applications and other applications, pleadings, records of litigation, arbitrations and other dispute proceedings and controversies, affidavits, statements, writings, papers, accounts, summaries, certificates, closing statements, drawings, designs, blueprints, specifications, plans, books of account, computer print-outs, data processing input and output, orders, receipts, manuals, studies, analogies, tabulations, financial and business records, memoranda or notes of telephone or other oral conversations or written communications, telephone messages, minutes of meetings, agendas, voice or audio recordings, video recordings, tape or disc recordings, film, photographs, punch cards, programs, statistical data, patents, patent applications, licenses, registrations, service marks, trademarks, trade names, intellectual property in any tangible form, electronic recordings, chemical recordings, magnetic or computer tapes, tape recordings, electronic or videotape recordings, and all material, data and information that is recorded and/or retained and/or that can be read, played, accessed or displayed by a person or by computer or any other mechanical, physical, electronic, electrical, chemical, photographic, audiographic, videographic, or other device, form or media, and any other tangible things and data or data compilations from which information can be obtained or translated. This definition specifically includes "E-mail," "voicemail," computer files, databases and hard drives, and all other forms of electronic, fiber-optic, magnetic, or paperless recording, compilation or transmission of data or information. "Documents" includes, without limitation, all renewals, extensions, modifications, amendments, summaries, derivations and versions of any of the above as well as all attachments, exhibits, addenda and appendices thereto. **Electronically Stored Information.** You are instructed to produce any and all electronically stored information ("**ESI**") from sources that are reasonably accessible to it. If you believe any ESI is not reasonably accessible to it because of undue burden or cost, please state so and generally describe the ESI involved and why you believe it is not accessible due to undue burden or cost.

10. "**And**" and "**or**" shall be construed conjunctively or dis-conjunctively as necessary to make the request inclusive rather than exclusive.

11. The use of the word "**including**" shall be construed to mean "**without limitation**."

12. The words "**refer** to," "**reflect**," or "**relate** to" a given subject means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, or in any way pertinent to that certain subject.

## Part II

## REQUESTED DOCUMENTS

1. All documents concerning all real estate sales transactions concerning the Holiday Inn from December 1, 2006, to the present.

2. All settlement statements concerning any transactions in which you were involved concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

3. All communications between you and TFL concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

4. All documents concerning payoff information and/or payoff instructions concerning the Holiday Inn and TFL from December 1, 2006, through December 31, 2007, regardless of the source of the information.

5. All communications with Linda Stewart concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

6. All communications with Robert Stewart concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

7. All communications with Gaylord Hall concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

8. All communications with Glenn Gunter concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

9. All documents or other information concerning any release of lien concerning TFL and the Holiday Inn from December 1, 2006, through December 31, 2007.

10. All communications between you and Morgan Stanley Capital Holdings concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

11. All financing, loan, lien, and security documents concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

12. All wiring instructions concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

13. All affidavits of debts and liens concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

14. All communications with Block and Gardner LLP concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

15. All communications with Centerline Servicing concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

16. All communications with Minor & Jester P.C. concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

17. All communications with Fish & Richardson P.C. concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

18. All documents concerning payoff of any loan or indebtedness concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

19. All documents concerning Rustown Homes Inc. and the Holiday Inn from December 1, 2006, through December 31, 2007.

20. All documents concerning McSpadden Construction and the Holiday Inn from December 1, 2006, through December 31, 2007.

21. All deeds concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

22. All receipts and disbursement ledgers concerning the Holiday Inn from December 1, 2006, through December 31, 2007.

23. All documents identifying the identity of the person(s) employed by, or contracted by, Lone Oak and who were involved with any transaction concerning the Holiday Inn from December 1, 2006, through December 31, 2007.