UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **DENTON LONE OAK HOLDINGS, L.P.** | § | |
| | § | **Case No. 10-40836** |
| Debtor. | § | |

**RESPONSE IN OPPOSITION TO MOTION OF FOR
RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2)**

**TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:**

    **COMES NOW,** Denton Lone Oak Holdings, L.P. ("Debtor"), as Debtor and Debtor in Possession, having filed a Petition on March 15, 2010, for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), submits this Response in Opposition to Morgan Stanley Mortgage Capital Holdings, LLC's Motion for Relief from Automatic Stay Under 11 U.S.C. §362(d)(2) (the "Stay Motion"), and respectfully shows the Court as follows:

    1.    Debtor denies the allegations of Paragraph 1 of the Stay Motion.

    2.    Debtor admits the allegations of Paragraph 2 of the Stay Motion.

    3.    Debtor admits the allegations of Paragraph 3 of the Stay Motion.

    4.    Debtor admits the allegations of Paragraph 4 of the Stay Motion.

    5.    Debtor admits the allegations of Paragraph 5 of the Stay Motion.

    6.    Debtor admits the allegations of Paragraph 6 of the Stay Motion.

7. Debtor denies that it defaulted on its payment obligations to Morgan Stanley[1] and that it received proper notice of any payment default, but admits the remainder of the allegations of Paragraph 7 of the Stay Motion.

8. Debtor admits the allegations of Paragraph 8 of the Stay Motion.

9. Debtor admits the allegations of Paragraph 9 of the Stay Motion.

10. Debtor admits the allegations of Paragraph 10 of the Stay Motion.

11. Debtor admits the allegations of Paragraph 11 of the Stay Motion.

12. Debtor admits the allegations of Paragraph 12 of the Stay Motion.

13. Debtor denies that it defaulted on its payment obligations to Morgan Stanley and that it received proper notice of any payment default, but admits the remainder of the allegations of Paragraph 13 of the Stay Motion.

14. Debtor admits the allegations of Paragraph 14 of the Stay Motion.

15. Debtor denies the allegations of Paragraph 15 of the Stay Motion.

16. Debtor admits the allegations of Paragraph 16 of the Stay Motion.

17. Debtor admits the allegations of Paragraph 17 of the Stay Motion.

18. Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Stay Motion.

19. Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Stay Motion.

20. Debtor denies the allegations of Paragraph 20 of the Stay Motion.

21. Debtor denies the allegations of Paragraph 21 of the Stay Motion.

22. Debtor denies the allegations of Paragraph 22 of the Stay Motion.

23. Debtor denies the allegations of Paragraph 23 of the Stay Motion.

---

[1] Terms of art not otherwise identified herein shall have the meaning ascribed to them in the Stay Motion.

24. Debtor denies the allegations of Paragraph 24 of the Stay Motion.

25. Debtor denies the allegations of Paragraph 25 of the Stay Motion.

26. Debtor denies the allegations of Paragraph 26 of the Stay Motion.

27. Debtor denies the allegations of Paragraph 27 of the Stay Motion.

28. Debtor denies the allegations of Paragraph 28 of the Stay Motion.

29. Debtor denies the allegations of Paragraph 29 of the Stay Motion.

## **AFFIRMATIVE RESPONSE**

30. No default occurred under the Amended Note and Second Modification Agreement and no proper notice of default was ever given to the Debtor by Morgan Stanley under the Amended Note and Second Modification Agreement.

31. The Debtor has equity in the 6.1 acres of real property located at 1434 Centre Place Drive in Denton, Texas 76205 (the "Property"). The Debtor disputes the CBRE Appraisal and obtained its own appraisal of the Property from Michael W. Massey and Associates as of April 23, 2010 (the "Massey 2010 Appraisal") showing the value of the Property to be $13,140,000. A true and correct copy of the Massey 2010 Appraisal is attached hereto as Ex. A and incorporated herein by reference. Under the Massey 2010 Appraisal, the Debtor has at least $1,373,868 of equity over and above the amount of the Indebtedness. This represents an "equity cushion" of almost 12%.

32. The Holiday Inn & Suites Denton (the "Hotel") and the Property are necessary for an effective reorganization. On June 7, 2010, prior to the filing of the Stay Motion and less than ninety (90) days after the Petition Date, the Debtor filed its Debtor's Plan Of Reorganization (the "Plan") and the Debtor's Disclosure Statement (the "Disclosure Statement"). The Court has set hearing on the Disclosure Statement for July 19, 2010; the Debtor anticipates approval of the

Disclosure Statement and advancement to hearing on confirmation of the Plan, subject to the Court's docket, before August 31, 2010.

33. In short, the Plan proposes to pay Morgan Stanley by (a) restructuring the Indebtedness into a 7-year note with the same rate of interest in the Second Modification Agreement and amortized over 25 years (the "Restructured Note"); and (b) initially using certain funds of the Debtor that Morgan Stanley holds in "reserve" to service the Restructured Debt and servicing the debt from the Debtor's operations thereafter. The budget attached to the Disclosure Statement (the "Plan Budget") shows the Debtor's ability to service the Restructured Note.

34. The Plan also proposes to pay: (a) 100% unsecured non-insider debt and the Plan Budget forecasts full payment of that debt by 2015; (b) other non-insider debt 10% of their disputed claim by 2015 (classified separately from general unsecured creditors because of its distinctive nature); and (c) subordinated insider debt thereafter. The Plan proposes to assume the franchise agreement with Holiday Hospitality Franchising and retain its "flag" with Holiday Inn and also assume its management agreement with DePalma Hotel Corporation ("DePalma"). During the bankruptcy case, the Debtor has obtained authority to use cash collateral and is not in default under the cash collateral order. In fact, the Debtor has enjoyed a significant increase from prepetition revenues and recently received a very high rating of its facilities from an independent third party.

35. Lastly, gerrymandering is not an issue as the Massey 2010 Appraisal shows that Morgan Stanley holds no unsecured deficiency claim which Morgan Stanley could use to overwhelm the unsecured class and vote to defeat the Plan. Indeed, the Debtor expects insider and non-insider unsecured creditors to vote overwhelmingly in favor of the Plan. The Plan, supported by the Massey 2010 Appraisal and the Plan Budget, shows that the Property is

"necessary to an effective reorganization" and, at a minimum, there exists a "reasonable probability of a successful organization," so the Court should not grant the Lift Stay Motion.

WHEREFORE, PREMISES CONSIDERED, Debtor requests that the Court deny the Stay Motion and for such other and further relief to which Debtor is entitled.

>Respectfully submitted,
>
>HIERSCHE, HAYWARD, DRAKELEY
>& URBACH, P.C.
>
>By:  /s/ Russell W. Mills
>     Russell W. Mills, SBN 00784609
>     Jason M. Katz, SBN 24038990
>
>15303 Dallas Parkway, Suite 700
>Addison, Texas 75001
>Ph: 972/701-7000
>Fax: 972/701-8765
>
>**ATTORNEYS FOR DENTON LONE OAK HOLDINGS, LP**

## CERTIFICATE OF SERVICE

This is to certify that on June 23, 2010, a true and correct copy of the foregoing document was served *via* ECF and/or by first class United States mail on the following parties:

| | |
|---|---|
| Joshua P. Martin<br>Alston & Bird LLP<br>2200 Ross Avenue Ste. 3601<br>Dallas, Texas 75201<br>Counsel for Morgan Stanley Mortgage Capital<br>Holdings, LLC | Jason H. Watson and<br>David A. Wender<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309<br>Counsel for Morgan Stanley Mortgage Capital<br>Holdings, LLC |
| John Vardeman<br>U.S. Trustee<br>110 N College Avenue<br>Tyler, Texas 75701 | Denton Lone Oak Holdings, L.P.<br>1434 Centre Place Drive<br>Denton, Texas 76205<br>Debtor |

                                                                    */s/ Russell W. Mills*
                                                                    Russell W. Mills