UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **DENTON LONE OAK HOLDINGS, L.P.** ) | |
| ) | Case No. 10-40836 |
| **Debtor.** ) | |
| ) | |

### LIMITED OBJECTION OF HOLIDAY HOSPITALITY
### FRANCHISING, INC. TO DEBTOR'S DISCLOSURE STATEMENT

TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

Holiday Hospitality Franchising, Inc. ("HHFI"), by and through its undersigned counsel, hereby files this Limited Objection Of Holiday Hospitality Franchising, Inc. To Debtor's Disclosure Statement (the "Limited Objection"), and respectfully shows the Court as follows:

### SUMMARY

1. Denton Lone Oak Holdings, L.P. (the "Debtor") filed the Debtor's Disclosure Statement [Docket No. 85] (the "Disclosure Statement") and Debtor's Plan of Reorganization [Docket No. 86] (the "Plan"). The Debtor operates a Holiday Inn® Hotel and Suites (the "Hotel") at 1434 Centre Place Drive in Denton, Texas pursuant to a License Agreement dated September 18, 2002, as amended (the "License Agreement") with HHFI. The Plan proposes that the Debtor will assume the License Agreement pursuant to section 365 of the Bankruptcy Code. HHFI asserts this Limited Objection in response to the Disclosure Statement, because the Disclosure Statement does not contain a reasonable estimate of the cure claim that the Debtor shall be required by pay HHFI upon plan confirmation.

1430554

**DISCUSSION**

2.  Section 1125(b) of the Bankruptcy Code prohibits the post-petition solicitation of the acceptance or rejection of a plan from the holder of a claim or interest, unless there is transmitted to such holder a written disclosure statement approved by the Court as containing "adequate information." Adequate information is defined as:

> Information of a kind, and in sufficient detail, as far as is reasonably practicable . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

3.  Disclosure is the means that Congress has chosen to ensure that confirmation is achieved fairly in a manner that protects the parties in interest. The disclosure statement hearing is intended to be "one of, if not the major procedural hearing in a reorganization case" because "[i]f adequate disclosure is provided to all creditors and stockholders whose rights are to be affected, then they should be able to make an informed judgment of their own, rather than having the court or the Securities and Exchange Commission inform them in advance of whether the proposed plan is a good plan." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 226-227 (1977). Therefore, the disclosure statement must set forth "all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." In re Jeppson, 66 B.R. 269, 292 (Bankr. D. Utah 1986).

**THE DISCLOSURE STATEMENT MUST STATE THE ESTIMATED CURE AMOUNT THAT DEBTOR WILL NEED TO PAY ON THE EFFECTIVE DATE**

4.  Section 10.1 of the Plan plus the definitions of "Debtor's Leases" and "Franchise Agreement" in the Plan indicate that the Debtor intends to assume the License Agreement pursuant to section 365 of the Bankruptcy Code.

5. Assumption of an executory contract, such as the License Agreement, requires cure of defaults, compensation for losses relating to the defaults and adequate assurance of future performance. 11 U.S.C. § 365(b)(1). Accordingly, the Debtor shall be required to cure all defaults under the License Agreement, including all monetary and non-monetary defaults on or before the effective date of the Plan. This includes, but is not limited to, payment of all unpaid pre-petition license fees, post-petition license fees and reimbursement of attorney's fees and costs.

6. HHFI filed Proof of Claim No. 20 (the "Proof of Claim") on April 30, 2010, in the amount of $86,097.27 plus any additional contractual or other claims it has or may have against the Debtor, including for reasonable attorney fees. Paragraph 14J of the License Agreement states that HHFI is entitled to reimbursement of its attorney fees and expenses.[1] HHFI has incurred and expects to incur additional attorney's fees and costs before the effective date of the Plan. Thus, the Debtor must pay at least $86,097.27 plus attorney fees to HHFI on the effective date of the Plan.

7. The Disclosure Statement includes a budget, but it does not appear that the projections account for the required cure payment to HHFI.

8. Absent disclosure of the cure amounts that the Debtor will be required to pay to HHFI, the Disclosure Statement will not contain adequate information as required by section 1125(b) of the Bankruptcy Code, because no class of creditor will be able to determine what sums are necessary for the Debtor to fulfill its Plan obligations on the effective date.

9. Additionally, HHFI notes that Section 10.1 of the Plan proposes that "[c]onfirmation of the Plan shall constitute an Order finding that the Debtor has not defaulted under any of the Debtor's Leases." Such a statement is inaccurate where defaults are known to exist under the License Agreement and cure is required. This provision should be revised accordingly.

---

[1] A copy of the License Agreement is attached to the Proof of Claim, a copy of which is attached hereto.

## **CONCLUSION**

10. The Disclosure Statement does not contain a reasonable estimate of the cure claim that Debtor shall be required to pay to HHFI upon plan confirmation. Therefore HHFI objects to the Disclosure Statement on the basis that it lacks adequate information for a creditor to reasonably evaluate the Plan, and HHFI respectfully requests that the Court either (i) deny approval of the Disclosure Statement without prejudice or (ii) require the Debtor to amend the Disclosure Statement to address HHFI's concerns. HHFI reserves all of its rights with respect to the Debtor's proposed cure of the License Agreement and any provision of the Plan.

Dated: July 12, 2010.

KILPATRICK STOCKTON LLP

By: /s/ Paul M. Rosenblatt
    Paul M. Rosenblatt (GA Bar # 614522)
    1100 Peachtree Street, Suite 2800
    Atlanta, Georgia 30309-4530
    (404) 815-6321 (Telephone)
    (404) 541-3373 (Facsimile)

*Counsel for Holiday Hospitality Franchising, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed electronically with the Court's CM/ECF filing system which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Court on July 12, 2010.

                                                /s/ Paul M. Rosenblatt
                                                  Paul M. Rosenblatt