IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: §
§
DENTON LONE OAK HOLDINGS, § CASE NO. 10-40836-11-btr
L.P., § (Chapter 11)
§
Debtor. §

## OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT

TASK FORCE LOGISTICS, INC. ("**TFL**"), a creditor and party-in-interest, in the above referenced case, files this *Objection to Debtor's Disclosure Statement*, as follows:

### Background

1. Debtor DENTON LONE OAK HOLDINGS, L.P. ("**Debtor**") filed bankruptcy on March 15, 2010.

2. Debtor filed its Disclosure Statement (herein so-called) on June 7, 2010.

3. TFL holds an unsecured claim against the bankruptcy estate and, on information and belief, holds a second lien against Debtor's primary asset, 6.1 acres of improved real property located at 1434 Centre Place Drive, Denton, Texas (the "**Property**") which contains a Holiday Inn.[1]

### Discussion/Objection to Disclosure Statement

4. TFL objects to approval of the Disclosure Statement because, in its present form, the Disclosure Statement lacks "adequate information" as required by 11 U.S.C. § 1125 and the proposed *Debtor's Plan of Reorganization* is not confirmable.

5. Section 1125 of the Bankruptcy Code, which governs the requirements for disclosure

---

[1] TFL anticipates filing a lawsuit to determine the validity, priority and extend of its second lien position against the Property. Debtor has conducted discovery to determine facts supporting this position.

**OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT – Page 1**

statement in chapter 11 cases, provides, in part:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing by the court as containing adequate information. The Court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

11 U.S.C. § 1125(b). "Adequate information" is defined in section 1125 as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. § 1125(a)(1). With regard to "adequate information" a disclosure statement must provide at least a description of the business, a summary of the debtor's prepetition history, financial information about the debtor's operations, a description of the proposed plan and how it will be implemented, a liquidation analysis, identification of any management to be retained by the debtor and a description of such management's compensation, tax consequences of reorganization, and projected operations which should include pending litigation and transactions with insiders. *See In re S.E.T. Income Properties, III*, 83 B.R. 791, 792 (Bankr. N.D. Okla. 1988).

6. The Disclosure Statement fails to provide adequate disclosure as to:

- Why the unsecured claim of TFL is set aside in a separate class under the Plan of Reorganization. The Disclosure Statement and Plan of Reorganization identifies a "Class 6 – TFL Claims." "TFL Claim" is defined under the Plan of

Reorganization as "the claim asserted by TFL." The full range of unsecured claims against the bankruptcy estate are not disclosed. There is no explanation anywhere in the Disclosure Statement of the "TFL Claim." There is no explanation why the "TFL Claim" is segregated into a class by itself. On information and belief, the Disclosure Statement (and Plan of Reorganization) fails to take into account the claimed unsecured claim of TFL in the amount of approximately $200,000. This claim should be contained within "Class 5- Unsecured Claim," but is not. This claim has been verified by prior management of the Property. The Disclosure Statement does not provide information with respect to whether, if this claim exists and remains against the bankruptcy estate, Debtor's Plan of Reorganization is feasible. The financial information and data contained with the Disclosure Statement do not support this fact.

- The secured claim or interest of TFL in the Property and/or the disposition of that interest. Debtor is seeking to sell the Property to a proposed New Partnership Interest bidder which will become the New Partnership Interest Holder under the Plan of Reorganization. The New Partnership Interest Holder will retain ownership and management of the partnership which includes the Property; the Disclosure Statement does not provide or disclose that TFL claims it has a second lien interest in the Property which should and/or will survive confirmation of Debtor's Plan of Reorganization.

- The reasons why New Partnership Interests are being created, whether the New Partnership Interest will retain absolute ownership in the reorganized debtor going

forward and/or the terms of the relationship between existing equity and the New Partnership Interests. Further, the Disclosure Statement fails to explain or disclose the background of the Rainer/Lacey group – insiders of Debtor – how they came to have "submitted a bid in the amount of $20,000 to purchase the New Partnership Interest," how that bid compares with the financial value of equity positions in the Debtor going forward, how that bid amount was determined to be sufficient, whether and to what extent bids were solicited and from whom, and whether and to what extent the proposed sale of "New Partnership Interest" is to be free and clear, or whether the New Partnership Interest Holder will assume all obligations and responsibilities of the Debtor going forward. Further, the Disclosure Statement fails to specify or is there any indication or disclosure as their prior experience or relationship to Debtor. There is no information from which a creditor expecting extended payments under the proposed Plan of Reorganization as to whether the anticipated or unknown New Partnership Interest Holder Bidder will be able to achieve the projections set forth in the Plan of Reorganization. There is no indication as to how or to what extent Debtor solicited bids or otherwise marketed the Property beyond those extended to the Rainer-Lacey insider group. Finally, there is no indication as to the New Partnership Interest owner's intention with respect to the retention of existing management and the impact of any decision in this regard.

- The term "Reorganized Debtor" is not defined. Since releases and other privileges extend to this entity, it should be defined.

- The amount left in the reserve accounts on the first mortgage. How much of the reserve account was used in chapter 11?

- The amount of the reserve accounts that were used pre-confirmation and whether the new reserve accounts are required by the first mortgage holder or some other reason.

- Set forth how the money that comes in from the bid process will be used. Where will this money go? Who will have control of this money? Will it be held in the reserve account or general account? Will it go to pay claims under the proposed Plan of Reorganization?

- Whether existing owners of the Property approve of the proposed Plan of Reorganization.

- Disclose that Lone Oak Hospitality, Ltd. set up the obligation owing to the first mortgage holder but rather contend it was the action of the Debtor. This is misleading in that it fails to accurately indicate the involvement of prior owners/management in funding the operations of the Debtor and the failures in that regard.

7. TFL reserves the right to adopt any objections to the Disclosure Statement posed by any party in interest to this case.

WHEREFORE, based on the foregoing, TFL requests that, unless the foregoing objections are resolved, the Court sustain the objections and deny approval of the Disclosure Statement and grant TFL any and all other relief to which it may be entitled under the circumstances.

Dated: July 12, 2010.

                Respectfully submitted,

                CANTEY HANGER LLP


                By:    /s/ Bruce W. Akerly
                        Bruce W. Akerly
                        Texas Bar No, 00953200

                1999 Bryan Street, Suite 3330
                Dallas, Texas 75201
                (214) 978-4129 Telephone

                ATTORNEYS FOR TASK FORCE LOGISTICS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing pleading was served on those entitled to service by electronic submission and, specifically the following on this 12th day of July, 2010.

Russell W. Mills
Jason M. Katz
HIERSCHE, HAYWARD, DRAKELEY & URBACH, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001

/s/ Bruce W. Akerly
Bruce W. Akerly