UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-40836 |
| | § | |
| **DENTON LONE OAK HOLDINGS, L.P.,** | § | |
| **A/K/A HOLIDAY INN & SUITES DENTON** | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

## RESPONSE OF DEBTOR TO NOTICE FILED BY GAYLORD HALL

TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW**, Denton Lone Oak Holdings, L.P. (the "Debtor") and files this, its Response To Notice Filed By Gaylord Hall and shows as follows:

### Factual Background

1. The Debtor's prepetition equity owners are:

   a) Denton Lone Oak GP ("DLOGP"), which holds a one percent (1%) interest in the Debtor and is owned solely by Gaylord Hall ("Hall"). DLOGP is the general partner of the Debtor;

   b) Lone Oak Hospitality, Ltd. ("LOH"), which holds an eighty-nine percent (89%) interest in the Debtor. Lone Oak Hospitality Texas, LLC ("LOH Texas") and Rustown Homes, Inc. together own forty percent (40%) of LOH and both are controlled by Hall. LOH Texas is the general partner of LOH. Teasley Partners, Ltd ("Teasley") owns sixty percent (60%) of LOH. Teasley is owned by J.R. Lacey ("Lacey") and others; and

   c) Rainier Income & Growth Fund III, LLC ("Rainier"), which owns ten percent (10%) of the Debtor.

2. There has been a longstanding dispute between DLOGP (and Hall) and Rainier concerning management of the Debtor.

3. The Debtor's lone asset, a Holiday Inn located in Denton, Texas, is managed by DePalma Hotel Corporation ("DHC"). The president of DHC is Joe DePalma ("DePalma").

4. On March 15, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief (the "Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). Hall signed the voluntary petition on behalf of DLOGP. Since the Petition Date, the Debtor has continued to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code §§1107(a) and 1108.

5. Following the Petition Date, Teasley has purportedly removed LOH Texas as the general partner of LOH (the sixty percent owner of the Debtor) but, because of the potential effect on the Debtor's chances for reorganization, Teasley has agreed to take no action during the case to remove DLOGP as the general partner of the Debtor.

6. Because of this dispute and for other reasons, DLOGP (and Hall) and Rainier agreed that DePalma would act as the CEO of the Debtor. On April 29, 2010, the Debtor filed its Amended Application To Employ DePalma Hotel Corporation To Provide Additional Management To The Debtor And To Designate Joe N. DePalma As Chief Executive Officer (the "DePalma Employment Application") which states, in pertinent part:

> Mike Blackwell, the manager of the Debtor, will turn over all responsibilities and authority to DHC and DePalma. DHC and DePalma, as Chief Executive Officer, will have full and final authority to make all decisions with regard to the Debtor. In addition to its duties under the management agreement, DHC and DePalma will operate the hotel on a day to day basis including without limitation making all management decisions, negotiations regarding restructuring, supervising, hiring, and firing employees. They will have full authority to determine the structure and terms of any Plan of Reorganization.

***Hall, as the general partner of the Debtor, signed the DePalma Employment Application***, and DePalma provided an affidavit in support.

7. On May 19, 2010, the Court entered its Order Authorizing Employment Of DePalma Hotel Corporation For Additional Management Services And Designating Joe N. DePalma As Chief

Executive Officer (the "DePalma Employment Order"). The DePalma Employment Order states that "DePalma shall have full authority to make all management decisions for the Debtor as designated in the Application."

8. On September 16, 2010, the Debtor filed its Second Amended Plan Of Reorganization (the "Second Amended Plan") and the Second Amended Disclosure Statement (the "Second Amended Disclosure Statement") wherein the Debtor proposed to sell its assets to an unformed entity to be owned by Rainier and Lacey ("Rainier/Lacey Buyer") or to any other higher bidder. The Second Amended Plan provides a detailed process whereby other bids may be received. The Second Amended Plan proposes to establish the value of the Debtor's assets at $9,100,000 whereas the debt owing to Morgan Stanley Mortgage Capital Holdings, LLC ("Morgan Stanley"), the Debtor's lender, is approximately $11,700,000. In exchange, the Rainier/Lacey Buyer will assume *all* of the restructured debt. The Second Amended Plan proposes to pay unsecured creditors between one percent (1%) and seventy-five percent (75%) of their claims over a period of time while cancelling all current partnership interests in the Debtor. As noted in the Second Amended Disclosure Statement, DLOGP (through Hall) and the other interest owners supported the Second Amended Plan. DePalma signed the Second Amended Plan. The deadline to object to the Second Amended Disclosure Statement was October 1, 2010 and the first hearing on the Second Amended Disclosure Statement was October 5, 2010.

9. Following testimony presented at the contested hearing on the Motion For Relief From Automatic Stay (the "Lift Stay Motion") filed by Morgan Stanley, representatives of Morgan Stanley and the Rainier/Lacey Buyer negotiated a resolution of the Lift Stay Motion. As announced to the Court on October 5, 2010, Morgan Stanley and Rainier/Lacey Buyer reached an agreement

subject to being documented and the Court continued the hearing on the Lift Stay Motion to October 22, 2010 where a final settlement is expected. The Court also continued hearing on the Second Amended Disclosure Statement to that date.

10. On October 5, 2010, Hall filed his Notice Rescinding, Notice Of Filing Of Second Amended Disclosure Statement And Setting Of Hearing Date And Objection Deadline Due To The Ineffective Consul [sic] And Conflict Of Interest Due To Jurisdiction (the "Hall Notice"). The Hall Notice gives notice of hearing on the Second Amended Disclosure Statement at the wrong date, but also states:

> I revoke [sic] rescind all power [sic] of attorney and signatures relating to any and all contracts relating to Denton Lone Oak Holdings, L.P., as it relate [sic] to the above reference [sic] cause and Demand a full accounting from Russell W. Mills and the chapter 11 Trustee who is no longer representing the interest of Denton lone Oak Holdings, L.P. on my behalf. All other interest parties are to Notify Gaylord Hall directly.

## Response

In the Hall Notice, Hall apparently attempts to speak for the Debtor. However, Hall has no right to take any action with respect to the Debtor; the DePalma Employment Order gave DePalma the rights stated in the DePalma Employment Application (which Hall himself signed) and those include the "***full and final authority to make all decisions with regard to the Debtor***" including ***"full authority to determine the structure and terms of any plan of reorganization."*** The Hall Notice was filed without the consent, agreement or knowledge of the Debtor, DePalma or undersigned counsel. The Debtor, DePalma and the undersigned counsel expressly deny that they are operating under a conflict of interest, deny that any counsel being provided is "ineffective," deny that they are not representing the Debtor's interests, and deny that they owe Hall any accounting other than that owed to a creditor or equity owner and only then upon appropriate motion and order.

Counsel for the Debtor obviously does not and can not represent Hall or any equity owner individually. If Hall is unhappy with the Second Amended Plan or the course of action taken by the Debtor in this case, he should retain counsel to represent him individually and present his objections in the appropriate form. To the extent that Hall wishes to bid against the Rainier/Lacey Buyer for the Debtor's assets, the Second Amended Plan gives Hall and any other interested buyer the right to make competing bids and provides a detailed procedure for submitting any such bids.

**WHEREFORE, PREMISES CONSIDERED**, the Debtor requests that the Court enter an order granting the relief sought herein and for such other relief as may be appropriate.

Respectfully submitted,

HIERSCHE, HAYWARD, DRAKELEY & URBACH, P.C.

By: ___/s/ Russell W. Mills___
  Russell W. Mills, SBN 00784609
  Jason M. Katz, SBN 24038990

15303 Dallas Parkway, Suite 700
Addison, Texas 75001
Ph: 972/701-7000
Fax: 972/701-8765

**ATTORNEYS FOR DENTON LONE OAK HOLDINGS, LP**

## CERTIFICATE OF SERVICE

This is to certify that on October 7, 2010, a true and correct copy of the foregoing document was served *via* ECF and/or by first class United States mail to Gaylord Hall, 7750 Walnut Hill Ln.#1096, Dallas, Texas 75230-5673 and the parties on the attached Master Service List (as of 10.01.10).

___/s/ Russell W. Mills___
Russell W. Mills

Acxential Business Solutions, Inc.
P. O. Box 118450
Carrollton, TX 75011

American Hotel Register Co.
16458 Collections Center Dr.
Chicago, IL 60693

Ben Keith
P. O. Box 901001
7650 Will Rogers Blvd.
Fort Worth, TX 76101

Charter Communications
P. O. Box 790256
St. Louis, MO 63179

City of Denton
P. O. Box 660150
Dallas, TX 75266-0150

City of Denton Tax Office
601 E. Hickory, Ste F
Denton, TX 76205

Denton Lone Oak Holdings, L.P.
1434 Centre Place Drive
Denton, TX 76205

Denton Lawn Sprinkler, Inc.
P.O. Box 50118
Denton, TX 76206-0118

Ecolab
P. O. Box 70343
Chicago, IL 60673-0343

Edward Don & Company
2562 Paysphere Circle
Chicago, IL 60674

Hagar Restaurant Service, Inc
1229 West Main St.
Oklahoma City, OK 73106

Intercontinental Hotels Corp.
P. O. Box 101074
Atlanta, GA 30392-1074

County of Denton
c/o Michael Reed
McCreary, Veselka, Bragg, &

Allen, PC
P. O. Box 1269
Round Rock, TX 78680

Micros
P. O. Box 23747
Baltimore, MD 21203-5747

Midland Loan Services, Inc.
P. O. Box 25965
Shawnee Mission, KS 66225-5965

Morgan Stanley Mortgage Capital Holdings, LLC
c/o Joshua P. Martin
Alston & Bird LLP
2200 Ross Avenue Ste. 3601
Dallas, TX 75201

Morgan Stanley Mortgage Capital Holdings, LLC
c/o Jason H. Watson and David A. Wender
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree St.
Atlanta, GA 30309

Riney Palter, PLLC
5949 Sherry Lane, Ste 1616
Dallas, TX 75225-8009

Staples Business Advantage
P. O. Box 83689
Chicago, IL 60696-3689

Star Media Group
P. O. Box 1717
Denton, TX 76202

Sterling National Bank
Lease Dept.
P. O. Box 1570
Church Street Station
New York, NY 10008-1570

Thomas O Bailey & Associates
6060 N. Central Expressway, Ste 400
Dallas, TX 75206

US Food Service Inc.
PO Box 843202
Dallas, TX 75284

US Trustee
110 N College Avenue
Tyler TX 75701

Verizon Southwest
PO Box 920041
Dallas, TX 75392-0041

Paul M. Rosenblatt, Esq.
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street, NE
Atlanta, Georgia 30309-4530

Bruce W. Akerly
CANTEY HANGER LLP
1999 Bryan Street, Suite 3330
Dallas, Texas 75201

Jeffrey P. Fuller
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street, NE
Atlanta, Georgia 30309-4530

Mark Browning
Assistant Attorney General
c/o Sherri K. Simpson, Paralegal
Attorney General's Office
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548